CITIZENS BANK OF OGALLALA, APPELLEE, V. JOHN T. LISTER ET AL., APPELLANTS: UNION STATE BANK OF NORTH PLATTE, APPELLEE.

FILED JUNE 10, 1932. No. 28216.

*Hoagland, Carr & Hoagland,* for appellants.

*Halligan, Beatty & Halligan, Milton C. Murphy* and *M. M. Maupin, contra.*

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS and RAPER, District Judges.

LANDIS, District Judge.

Mortgagors John T. Lister and Luella W. Lister made application to vacate and set aside a decree of foreclosure rendered against them. From the decree denying such relief they prosecute an appeal.

Appellants executed a mortgage upon which foreclosure proceedings were instituted July 19, 1930. After service of summons therein, they procured an attorney, who filed a general demurrer to the petition on August 19, 1930. September 2, 1930, this demurrer was heard and overruled. On October 27, 1930, a default decree was entered. The attorney for appellants moved for and obtained a nine months' stay of execution of the decree. Order of sale issued July 28, 1931; September 1, 1931, return of order of sale made, and on September 3, 1931, in the original action appellants filed their application to vacate the foreclosure decree of October 19, 1930. The appellee, Citizens Bank of Ogallala, the mortgagee, joined issue by answer. The foreclosure decree was entered at the October, 1930, term of the district court, which adjourned February 17, 1931. February term adjourned

April 13, 1931. Appellants filed their application to vacate the decree in the April, 1931, term, which adjourned September 14, 1931.

Under section 20-2001, Comp. St. 1929, a district court has power to vacate or modify its own judgments or orders after the term at which they are made on nine enumerated grounds. Appellants assert two · of these, namely, "fraud practiced by the successful party in obtaining the judgment," and "unavoidable casualty or misfortune, preventing the party from prosecuting or defending." The evidence does not sustain either of the grounds claimed. There was no fraud, actual or constructive, practiced by the appellee in obtaining the judgment in foreclosure entered herein. There was no dishonesty of the attorney in his conduct of the appellants' case. While appellants were attempting to refinance their situation, Mr. E. E. Carr, a competent and reputable attorney; was consulted about a loan. This was in November or December, 1930, and then John T. Lister with Mr. Carr went to the courthouse to look over the papers in the foreclosure action. This was done and some time during these two months Mr. Lister admits he knew of the decree and the nine months' stay. The October, 1930, term of the court adjourned February 17, 1931, so that about two months before the close of the term at which the foreclosure decree was rendered, appellants admit having full knowledge of the proceedings. It follows there was no unavoidable casualty or misfortune preventing the appellants from prosecuting or defending.

Upon review of the record, we reach independent conclusions the same as the trial court. Hence, the decree appealed from is

AFFIRMED.